SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>FRANCISCO JAVIER GARCIA SANCHEZ,<br><br>                   *Defendant.* | **Protective Order**<br><br>**19 Cr. 661 (PAC)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant(s) of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy, confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Confidential Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "confidential disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones,

will be subject to risk of harm absent the protective considerations set forth herein. The Government's designation of material as confidential disclosure material will be controlling absent contrary order of the Court.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

3. **In General.** Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("Defense Counsel," and collectively with the defendant, "the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

4. **Disclosure material** that is not confidential disclosure material may be disclosed by counsel to:

    a. Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

    b. Prospective witnesses for purposes of defending this action.

5. **Confidential disclosure material** shall not be disclosed by the defense, other than as set forth herein, and shall be used solely for purposes of defending this action:

    a. Defense Counsel shall receive any materials produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure that are marked "CONFIDENTIAL" on an "attorney's eyes only" basis, and Defense Counsel shall not share the confidential disclosure materials or the contents of the confidential disclosure materials with

any other persons, with the exception of FRANCISCO JAVIER GARCIA SANCHEZ, the defendant, and any paralegal or staff employed by Defense Counsel in connection with work related to the defendant. The defendant may only review any confidential disclosure materials in the presence of Defense Counsel.

b. At any time, Defense Counsel may seek leave from the Government to share materials designated as confidential disclosure materials with other individuals, including possible witnesses and others involved with the defense of this action (the "Requested Material"). The Government will promptly review such requests and (i) consent to the sharing of the Requested Material with the defendant; (ii) provide Defense Counsel with a redacted version of the Requested Material that may be shared; or (iii) provide Defense Counsel with an explanation as to why the Requested Material cannot be shared with the defendant at that time, so as to facilitate the Court's consideration of any disputes regarding the Requested Material. In the event that the Government declines Defense Counsel's request for leave to share the Requested Material, Defense Counsel shall have the option to seek leave from the Court, ex parte, to show cause why its request to share Requested Materials with other individuals should be granted.

6. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

7. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials. To the extent this paragraph conflicts with the N.Y. Code of Professional Responsibility and/or attorneys' obligations to clients regarding file retention, the ethical rules govern.

9. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

4

## Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: /s/ *Louis Pellegrino*                                              Date:   11/13/2021
　　Louis Pellegrino
　　Sheb Swett
　　Jacob Gutwillig
　　Assistant United States Attorneys


_____                                    Date:  _____
Sylvie Levine, Esq.
Counsel for FRANCISCO JAVIER GARCIA SANCHEZ


SO ORDERED:

Dated: New York, New York
　　~~November~~___, 2021
　　December 7,

*The defendant's objections are overruled. The proposed order is signed.*

/s/ Paul Crotty
_____
THE HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

5